**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

H.M. RAMIREZ BUS COMPANY, INC.,

     Plaintiff,

v.                                                                          No. 2:21-cv-00693-MLG-JHR

HOBBS MUNICIPAL SCHOOLS
BOARD OF EDUCATION,

     Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO MODIFY SCHEDULING ORDER AS TO DISPOSITIVE MOTIONS**

The Court has repeatedly stayed this proceeding and extended various deadlines to allow the parties to pursue settlement, complete discovery, and otherwise prepare for trial. Notwithstanding these repeated accommodations, Defendant Hobbs Municipal Schools Board of Education ("the Board") now seeks to reopen the dispositive motion deadline so that it may file a summary judgment motion. Because the Board has not shown that it acted diligently or adequately explained the basis for its belated request, the Court holds it has not shown good cause under Rule 16(b)(4). For those reasons, as explained in detail below, the Motion to Modify Scheduling Order as to Dispositive Motions ("Motion to Modify") is denied. Doc. 144.

**PROCEDURAL HISTORY**

Plaintiff H.M. Ramirez Bus Company, Inc. ("Ramirez") filed suit against the Board in New Mexico state court in June 2021, and the Board later removed the action to federal court. *See* Doc. 1 at 1-4. The First Scheduling Order set August 12, 2022, as the dispositive motion deadline. Doc. 14 at 3. In late February 2022, the parties jointly moved to stay the pretrial deadlines and proceedings so they could pursue informal settlement discussions. *See* Doc. 19. United States

1

Magistrate Judge Gregory B. Wormuth granted the motion, staying the proceedings for approximately two and a half months. Doc. 20. At the parties' request, and based on their representations that they were working to settle the matter, the stay was extended five more times. *See* Docs. 23, 25, 27, 28, 30. In early October 2022, after those discussions proved to be unfruitful, Judge Wormuth held a second scheduling conference and entered a new scheduling order, which set the expert disclosure deadline as March 10, 2023, the discovery deadline as April 1, 2023, and the dispositive motion deadline as May 31, 2023. Doc. 42 at 2-3.

On March 28, 2023, Ramirez filed a separate qui tam complaint in state court, which was required by state statute to remain under seal for sixty days. *See* Doc. 74 at 1-2; N.M. Stat. Ann. § 44-9-5(B) (2015). The parties again jointly moved to stay the federal proceeding, to extend the discovery deadline to thirty days after the qui tam complaint was unsealed, and to push the dispositive motion deadline to "twenty-one (21) days after completion of depositions." *Id.* at 1-3. United States Magistrate Judge Jerry H. Ritter granted the parties' request. Doc. 76.

The qui tam complaint was unsealed on August 11, 2023, and the parties subsequently sought a continuance of the Rule 30(b)(6) deposition and dispositive motion deadlines. Doc. 144-3 at 1; Doc. 85. That motion was granted. Doc. 86. Unable to meet their requested deadline, in September 2023, the parties again moved for an extension, which Judge Ritter granted. *See* Docs. 88, 89. The resulting order set the deadline for Rule 30(b)(6) depositions as October 31, 2023, with dispositive motions due "twenty-one (21) days after the completion of depositions." Doc. 89 at 1.

On October 24, 2023—approximately one week before the Rule 30(b)(6) depositions were to be completed—the Board filed a motion for a protective order and another request to stay these proceedings until a determination could be made whether this case and the state qui tam matter "should be consolidated or whether one case should be stayed pending the outcome of the other."

2

*See* Doc. 98-1 at 2. The Board also indicated it might file a motion to stay pursuant to the *Colorado River* abstention doctrine. *Id.* at 2-3. After receiving expedited briefing and holding a hearing on November 15, 2023, Judge Ritter orally granted the Board's motion and stayed the proceedings for an additional two weeks to allow the Board to file a *Colorado River* abstention motion. Docs. 101 and 103 (briefing); Doc. 107 at 38. Judge Ritter stated that "if no such motion is filed within two weeks, then the stay will expire by the terms of the order that I'll draft. . . . I'll do a written order to that effect . . . ." Doc. 107 at 38:17-19, 25. No written order was filed, but Ramirez later lodged formal objections to the oral ruling. Doc. 106. Ultimately, the parties did not complete their depositions by the October 31, 2023, deadline, and the Board did not file a *Colorado River* abstention motion within the time allotted by Judge Ritter. *See, e.g.*, Doc. 115.

In March 2024, the parties asked Judge Ritter to hold a status conference to address various procedural issues arising from the requested stays and extensions. Doc. 111. At the conclusion of that proceeding, Judge Ritter suggested the parties should request a hearing with this Court "to clarify the current procedural posture of the case." *Id*. at 2. They followed that suggestion and filed a joint motion for a status conference. Doc. 112. The Court granted the request and held a hearing in April 2024. Docs. 113, 115. During that proceeding, the parties discussed additional deadline extensions to complete two more depositions. The Court repeatedly indicated its desire to move this litigation forward. In response, the Board represented that limited discovery was the last step necessary to complete the pretrial phase of this litigation. Significantly, neither the Board nor Plaintiff asked about extending the dispositive motion deadline. The Board again expressed interest in filing a *Colorado River* abstention motion. Doc. 115.

The following day, the Court denied Ramirez's objections as moot and set new deadlines based on the parties' representations at the status conference. *See generally* Doc. 116 ("April 18

3

Order"). That directive gave the Board until May 17, 2024, to raise *Colorado River* abstention and the parties were given until July 17, 2024, to complete the remaining Rule 30(b)(6) depositions. *Id.* at 1-2. The parties apparently completed the depositions in accordance with that deadline,[1] but the Board did not file its abstention motion.

In September 2024, the Court set trial for January 21, 2025. Doc. 119. Three months later, the Board filed an unopposed motion to vacate the trial setting so that the parties could pursue mediation. Doc. 121 at 1. The Board expressly stated that it did "not wish to extend any deadlines other than the deadlines associated with the trial setting." *Id.* at 2. The Court granted the motion and reset the trial for June 9, 2025. Doc. 124. A week prior to a March 26, 2025, settlement conference, the Board's counsel filed an opposed Motion to Withdraw as Attorney ("Motion to Withdraw"). Docs. 123, 127. After receiving expedited briefing and holding a hearing on the matter, the Court granted the motion. *See* Docs. 132, 133 (expedited briefing); Doc. 141 (hearing); Doc. 142 (order). The Court simultaneously granted the Board's request to vacate the trial but denied its request to enter a new scheduling order and reopen pretrial deadlines. Doc. 142 at 2. The Court further permitted new counsel to file a motion seeking to modify the scheduling order but expressed no view on whether the request would be granted. *Id.* The Board subsequently filed the present motion requesting that the Court set a new dispositive motion deadline so that it may move for summary judgment. *See* Docs. 144, 150.

### RELEVANT LEGAL PRINCIPLES

Once entered, a scheduling order "controls the course of the action unless the court modifies it," and modification is permitted "only for good cause," Fed. R. Civ. P. 16(b)(4), 16(d).

---

[1] Ramirez states, and the Board does not contest, that the Rule 30(b)(6) depositions were completed on July 17, 2024. Doc. 148 at 9.

This required showing "preserves the integrity and effectiveness of Rule 16(b) scheduling orders" and ensures that district courts can effectively manage their civil dockets. *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."). Courts "have considerable discretion in determining what kind of showing satisfies [the] good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation modified) (alteration added). But "[i]n practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (internal quotation marks omitted) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). The moving party must "provide an adequate explanation for any delay." *Id.* (internal quotation marks omitted) (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)). Courts also consider whether the non-moving party would be prejudiced, but a lack of prejudice does not relieve the movant of its obligation to show their diligence and justify any delay. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("[L]ack of prejudice to the nonmovant does not show 'good cause.'").

## DISCUSSION

The Board presents two arguments in support of reopening the dispositive motion deadline. First, the Board urges the Court to establish a new dispositive motion deadline because the previously imposed deadline "never happened" or became impossible to meet. Doc. 144 at 11-14. Second, the Board contends that equitable considerations—including counsel's confusion, new attorneys, claimed (but uncertain) judicial efficiency, and the absence of prejudice—establish good

5

cause. *Id.* at 14-18. For the reasons set forth, the Court concludes that the dispositive motion deadline passed long before the Board moved to modify, and the Board fails to demonstrate good cause for reopening the deadline.

## I.    The Dispositive Motion Deadline

The Board first argues that the dispositive motion deadline "never happened" because the "enabling precondition (i.e., completion of the Rule 30(b)(6) depositions on or before October 31, 2023) on which it was contingent" did not occur. Doc. 144 at 14. That is not accurate. The last order addressing dispositive motions—the September 13 Order, entered at the parties' request— set the deadline at "twenty-one (21) days after the completion of depositions." Doc. 89 at 1. The September 13 Order simultaneously set October 31, 2023, as the deadline for completing Rule 30(b)(6) depositions. *Id.* The parties missed that deadline, but they later requested and received an extension of time to complete the two outstanding depositions. *See* Doc. 116 at 2 (extending Rule 30(b)(6) deposition deadline to July 17, 2024). Thus, the Board's interpretation of the September 13 Order—that the dispositive motion deadline "never happened"—proves untenable because it reads language into the order to argue that the dispositive motion deadline was contingent on both the depositions being completed *and* that they be completed by October 31, 2023. Doc. 144 at 14. By its terms, the dispositive motion deadline was conditioned only upon the completion of depositions—not completion by a specific date. *See* Doc. 89 at 1 (setting the dispositive motion deadline as "twenty-one days (21) days after the completion of depositions."). So when the Rule 30(b)(6) deposition deadline was extended to July 17, 2024, Doc. 116 at 2, and the parties completed the depositions on that date, the existing dispositive motion deadline could have been met by filing any such motion by August 7, 2024.

6

Relatedly, the Board argues that the dispositive motion deadline was "superseded by a subsequent scheduling order with no corresponding deadline . . . ." Doc. 144 at 15. Accordingly, the Board asks the Court to establish a dispositive motion deadline as required by Rule 16(b)(3)(A). Doc. 144 at 11-14. It appears that the Board is referring to the Court's April 18 Order extending the Rule 30(b)(6) deposition deadline to July 17, 2024, and setting certain other deadlines. *See* Doc. 116. The April 18 Order did not expressly vacate the dispositive motion deadline set by the September 13 Order. *See* Doc. 116. Given that Rule 16(b)(3)(A) requires the Court to set a deadline for filing motions, it would be odd to interpret the April 18 Order's silence on the dispositive motion deadline as tacitly striking it. *See Thomason v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, No. 6:14-cv-04895, 2017 WL 10901214, at *5 (D.S.C. Mar. 6, 2017) ("[A] subsequent scheduling order's omission of a previous scheduling order's deadline should not be understood to have implicitly struck the deadline altogether when the deadline at issue is one that is required by Fed. R. Civ. P. 16(b)(3)(A).").

Moreover, the Board's position is inconsistent with a wealth of on-point decisional authority holding that an amended scheduling order's silence regarding a previously imposed deadline neither vacates nor extends that deadline. *See, e.g.*, *Perrotte v. Johnson*, No. 1:15-cv-00026, 2021 WL 800112, at *1 (E.D. Cal. Jan. 20, 2021) (explaining that, where an amended second scheduling order did "not even discuss the previously set deadline for the filing of dispositive motions[,]" the defendant was wrong to "seize[] on this silence as, in essence, proof that the magistrate judge intended for the parties to file dispositive motions at any time, and for the dispositive motions deadline previously set forth to be implicitly vacated"); *Kearney v. Equilon Enters., LLC*, No. 3:14-cv-00254, 2016 WL 75061, at *2-3 (D. Or. Jan. 4, 2016) (stating that the deadline for amending pleadings set by the initial scheduling order was controlling, even though

7

other deadlines set by the scheduling order had been subsequently extended, because the parties never sought an extension of the deadline to amend pleadings); *Bank v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-02678, 2024 WL 5431599, at *2 (S.D. Tex. Oct. 22, 2024) (rejecting the argument that "because the amended scheduling order did not include a new deadline for the amendment of pleadings, there was no deadline at all"). Absent an express modification, the original deadline remains controlling.

The lone case the Board cites in support of its position, *Fisher v. Ciba Specialty Chemicals Corporation*, is neither analogous nor persuasive. No. 03-0566, 2006 WL 3000145 (S.D. Ala. Oct. 20, 2006). In that case, following the denial of class certification, the district court entered a new scheduling order setting out various pretrial deadlines for the merits phase of the litigation. *Id.* at *1. That order omitted a deadline for joining additional parties. The next day, the plaintiffs filed a motion to join an additional party plaintiff. *Id.* The court granted the request over the defendants' objection. *Id.* at *2. The Court explained that the initial scheduling order was "confined to class certification discovery issues" and the superseding scheduling order "pose[d] no impediment to joinder of additional parties at this time." *Id.* at *1.

That reasoning is inapplicable to the present circumstances. First, no scheduling order has been entered since the Second Scheduling Order was filed on October 6, 2022. *See* Doc. 42. Instead, at the parties' request, specific deadlines have been extended via a series of orders. *See, e.g.*, Docs. 76, 86, 89, 116. As explained above, the April 18 Order's silence as to the dispositive motion deadline cannot reasonably be construed as vacating it. Docs. 116, 89. Second, unlike the facts in *Fisher*, the dispositive motion deadline in this case was not limited to a discrete phase of the litigation. *See* 2006 WL 3000145, at *1. *Fisher* is neither on point nor controlling.

8

In short, the Court is not persuaded by the Board's argument that the dispositive motion deadline ceased to exist or became impossible to meet. Pursuant to the September 13 Order, the Board could have timely filed a motion for summary judgment by August 7, 2024 (twenty-one days after the parties completed their Rule 30(b)(6) depositions). Doc. 89 at 1; Doc. 148 at 9. The Court rejects the Board's argument to the contrary.

## II.     Diligence and Adequate Explanation for Delays

The Board next cites counsel's confusion regarding the dispositive motion deadline, the entry of new counsel, the potential efficiency of a meritorious motion for summary judgment (though that result is uncertain), and the absence of prejudice to Ramirez in support of its request.[2] Doc. 144 at 1, 14-18; Doc. 150 at 1-2, 7-10. But none of these considerations demonstrate that the Board attempted to comply with the existing deadline.

To the extent the Board argues there is good cause because the number of deadline extensions granted in this case was confusing,[3] it should have sought clarification rather than proceed under the assumption that the Court implicitly vacated and never reset a deadline required by Rule 16(b)(3)(A). *See* Doc. 135 at 5; Doc. 144 at 15-16; Doc. 150 at 2. The Board's prior representations regarding the limited scope of its extension requests undermine its current stance. *See* Doc. 121 at 2 (expressing, in December 2024, that the Board did "not wish to extend any

---

[2] In advancing this argument, the Board at times suggests that the proper analysis for reopening the dispositive motion deadline involves a balancing of "the equities." *See* Doc. 144 at 17; Doc. 150 at 10. This is not the correct legal standard. *See Tesone*, 942 F.3d at 988 (explaining that good cause under Rule 16(b)(4) requires a showing of diligence and "an adequate explanation for any delay" (citation modified)).

[3] The Board says Ramirez was also confused by the dispositive motion deadline. *See* Doc. 144 at 16. Its citation to the record in support of this assertion, however, indicates that Ramirez was not confused and instead correctly viewed the dispositive motion deadline as expiring "21 days after the Parties completed their Rule 30(b)(6) depositions last summer." Doc. 140 at 3.

9

deadlines other than the deadlines associated with the trial setting"). Because diligence would have clarified the issue, counsel's confusion does not constitute good cause to reopen the deadline. *See Gorsuch, Ltd.*, 771 F.3d at 1240 (providing that Rule 16's good cause "standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts" (citation modified)); *Tesone*, 942 F.3d at 989 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (citation modified)).

The Board also fails to elucidate its inability to meet the initial deadline and offers no grounds justifying the delay in seeking relief. Indeed, Ramirez points out that the Board has not explained why it was unable to file its motion for summary judgment by August 7, 2024. Doc. 148 at 9. The Board's reply does not address this issue. *See generally* Doc. 150. Nor does the Board identify when its prior counsel "mistakenly believed"[4] that the dispositive motion deadline expired. Doc. 144 at 16. At a minimum, more than eight months elapsed between the August 7, 2024, deadline and the Board's April 17, 2025, request for an extension. *See* Doc. 135. Yet the Board provides no justifiable excuse for its prolonged inaction. More is required. "[G]ood cause obligates the moving party to 'provide an adequate explanation for any delay,'" *Husky Ventures*, 911 F.3d at 1020 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)), and the Board has failed to make that showing. *See, e.g.*, *Tesone*, 942 F.3d at 989 (concluding that the

---

[4] Counsel's mistake does not generally constitute good cause. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("[I]nadvertence or negligence alone do not constitute 'good cause' . . . . [and] [m]istake of counsel or ignorance of the rules also usually do not suffice."). In support of its argument, the Board cites *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622 (D.N.M. 2013). Doc. 144 at 15. In *Anderson*, the district court granted an extension of time to respond to a motion for summary judgment based on counsel's mistaken belief that the deadline had not passed. *Id.* at 635. Federal Rule of Civil Procedure 6(b) provided the controlling standard for extending time in that case. The relevant considerations for assessing an extension request under Rule 6(b) differ from Rule 16(b)(4). *Contrast Anderson*, 291 F.R.D. at 631-32, *with Tesone*, 942 F.3d at 988. The Board makes no legal argument as to why the Court should eschew the Rule 16(b)(4) standard here.

10

plaintiff did not show good cause under Rule 16(b)(4) where she did not show that "she made diligent efforts to meet the . . . deadline and because she provides no explanation for her belated motion," which she filed nine months after the deadline passed).

Finally, the Board argues the Court should find good cause due to the entry of new counsel, the potential for a more efficient resolution of this matter than trial, and the lack of prejudice to Ramirez. Doc. 144 at 1, 14-18; Doc. 150 at 1-2, 7-10. Again, these considerations do not address the Board's diligence in meeting the existing deadlines. Nor do they independently establish good cause. *See, e.g.*, *Marcin Eng'g, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not grounds under [Rule 16] for reopening discovery long after the court-ordered deadlines have passed."); *Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.*, No. 11-cv-0246, 2012 WL 6193834, at *3 (S.D. Cal. Dec. 12, 2012) (adhering to the "widely followed principle that the arrival of new counsel does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow" (citation modified)); *Deghand*, 904 F. Supp. at 1221 ("The lack of prejudice to the nonmovant does not show 'good cause.'").

## CONCLUSION

The Court set a dispositive motion deadline of August 7, 2024. The Board did not meet that deadline, it did not seek clarification regarding the deadline, and it did not timely seek relief from that deadline. Because the Board has not shown that it acted diligently or that it could not have met its temporal obligations despite diligent efforts, it has failed to demonstrate good cause for purposes of Rule 16(b)(4). *See Tesone*, 942 F.3d at 988 ("Mere failure on the part of counsel to proceed promptly with the normal processes of . . . trial preparation . . . should not be considered

11

good cause." (internal quotation marks omitted) (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005))); *cf. Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("No diligence, no good cause, no leave to amend."). The Court therefore denies the Board's Motion to Modify, Doc. 144.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA